IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEROME JERMAINE FOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CV 110-016<br>(Formerly CR 109-064) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jerome Jermaine Fox, an inmate currently incarcerated at in the Decatur County Prison, in Bainbridge, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

Petitioner was charged in an indictment in the Southern District of Georgia on May 8, 2009. United States v. Fox, CR 109-064, doc. no. 1 (S.D. Ga. May 8, 2009) (hereinafter "CR 109-064"). Petitioner was charged with one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). Id. Petitioner plead guilty to a felony information. Id. at doc. nos. 8-9. On August 5, 2009, the Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to time served, noting that the term shall be served concurrently with the state sentence Defendant is currently serving in reference to Richmond County Georgia Superior Court Docket Number 2008RCCR00748. Id. at doc. no. 12. Petitioner was also given a term of five years of supervised release. Id. Petitioner did not appeal his conviction or sentence, but he did file this timely § 2255 motion. In his motion, Petitioner argues that he was improperly sentenced to a term of five years of supervised release. (Doc. no. 1, p.15). According to Petitioner the penalty for the statute for which he was convicted does not require supervised release. (Id.). Therefore, he maintains that the imposition of supervised release exceeded the maximum penalty for the crime committed and requests that his sentence be vacated, set aside, or corrected. (Id. at 4, 13).

## II. DISCUSSION

Petitioner is not entitled to his sought-after relief. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is

2

usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Petitioner failed to challenge his conviction or sentence on direct appeal. Notably, Petitioner's claim that he was improperly sentenced to a term of supervised release was available for a direct appeal as it did not require any further factual development. Nevertheless, Petitioner did not file a direct appeal. Therefore, Petitioner's claim is procedurally barred. Furthermore, Petitioner has not provided any explanation to overcome the procedural bar. Therefore, his § 2255 motion

should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE